UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE REYES,

                           Plaintiff,

            -against-

MOTIVATED SECURITY SERVICES INC.,

                           Defendant.
------------------------------------------------------------------X

Case No.: 23-cv-01053

**COMPLAINT**

       Plaintiff, JOSE REYES, by his attorneys, Bell Law Group, PLLC, as and for his Complaint against Defendant, MOTIVATED SECURITY SERVICES INC., respectfully alleges upon knowledge as to himself and upon information and belief as to all other matters as follows:

**NATURE OF THE ACTION**

       1.     This action is brought by Plaintiff pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") to seek redress against Defendant for systematic failure by Defendant to provide the required wages in violation of the FLSA and NYLL.

       2.     Plaintiff worked for Defendant - - a security services company- - as a non-exempt employee from January 2022 until June 22, 2022. During his employment, Defendant required Plaintiff to work, and Plaintiff indeed did work, at least forty hours per week while being paid according to an agreed upon hourly rate for those hours worked each week up to forty. However, Defendant never paid Plaintiff a regular rate according to this number for hours worked up to forty in a week, and thus, similarly failed to pay him the appropriate overtime rate for hours worked over forty in a week as well. Additionally, Defendant unlawfully withheld deductions from Plaintiff's pay during his employment. Moreover, Plaintiff did not receive an accurate wage theft prevent act notification at the time of hiring and did not receive accurate wage statements each

1

week in violation of the NYLL. Finally, Defendant unlawfully terminated Plaintiff's employment in retaliation for Plaintiff's wage-related complaints in violation of the NYLL.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA. Additionally, all of Plaintiff's work for Defendant was performed in this jurisdiction.

4. This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendant conduct significant business within this judicial district.

## PARTIES

6. At all relevant times, Plaintiff was and still is a resident of the County of Kings, State of New York.

7. At all relevant times, Plaintiff has been a covered employee within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL, N.Y. Lab. Law § 190 *et seq*.

8. At all relevant times, Defendant was and still is a foreign business corporation active under and by virtue of the laws of the State of New York.

9. At all relevant times, Defendant was and still is authorized to transact business in the State of New York.

10. At all relevant times, Defendant provided its services, including the work

performed by Plaintiff, at 140-58th Street, Brooklyn, New York 11220.

11. At all relevant times, Defendant has registered 80 State Street, Albany, New York 12207, c/o Corporation Service Company, with the State of New York to receive service of process.

12. At all relevant times, Defendant has been a covered employer within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL, N.Y. Lab. Law § 190 *et seq*. and employed Plaintiff. Additionally, at all relevant times, Defendant has been engaged in interstate commerce within the meaning of the FLSA, has employed at least two employees, and has had an annual dollar volume of sales or business done of at least $500,000.

## PLAINTIFF'S FACTUAL ALLEGATIONS

13. Defendant - - a provider of security services - - has provided its services at 140-58th Street, Brooklyn, New York 11220.

14. Plaintiff was hired by Defendant as a non-managerial and non-exempt employee in January 2022, and worked in that role until June 22, 2022. In this role, Plaintiff provided security services at 140-58th Street, Brooklyn, New York 11220.

15. At the inception of Plaintiff's employment, Defendant promised to pay Plaintiff at the rate of $20.87 per hour as a regular rate for hours work up to forty in a week.

16. Defendant required Plaintiff to work, and indeed Plaintiff did work, over 40 hours in a week, while averaging approximately 35 overtime hours per week.

17. Thus, the overtime rate at one- and one-half times this regular rate pursuant to the FLSA and NYLL should have been $31.31.

18. During the entirety of Plaintiff's employment, Defendant failed to compensate him at the rate it promised him before and throughout his employment.

19. Specifically, Defendant paid Plaintiff at a regular rate of only $16.00 per hour for hours worked up to 40 in a week, and only $24.00 per hour as overtime compensation for hours worked over 40 in a week.

20. On virtually every payday, Plaintiff made a complaint to one of Defendant's supervisors - - many times either Randy or Gary [last names unknown].

21. After each complaint, they told Plaintiff that the difference in pay according to the lower rate of $16 per hour would be made up in the following paycheck and the Company would abide by the promised rate of $20.87 per hour going forward.

22. The $20.87 rate was never honored, nor was the difference in past pay ever accounted for as promised by Defendant.

23. After numerous complaints to these individuals were ignored,, Plaintiff made another complaint to his supervisor, Lenny Banks, who responded with the same promise of making up the difference and correcting the pay rate. However, Plaintiff's rate was never changed.

24. Defendant also unlawfully made arbitrary deductions from that reduced rate.

25. Plaintiff was entitled to be paid at least one and one-half times the minimum wage rate and/or the regular hourly rate of pay for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR 142-2.2.

26. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

27. Defendant regularly failed to pay Plaintiff overtime wages of one and one-half times the minimum wage rate and/or the regular hourly work rate of pay for all hours that Plaintiff worked in excess of forty (40) per workweek in violation of the FLSA and NYLL.

28. Defendant acted in the manner described herein so as to maximize their profits

while minimizing their labor costs and overhead.

29. Defendant's violations of the FLSA and the NYLL are willful since their employees' have previously made complaints about these violations, but no corrective action was taken.

30. Each hour that Plaintiff worked was for Defendant's benefit.

31. At all relevant times, Plaintiff was entitled to an accurate notice at the time of hiring pursuant to NYLL 195(1), but the incorrect rates noted herein mean that to the extent one was provided to plaintiff, then it was incorrect and violative of the NYLL.

32. At all relevant times, Plaintiff was entitled to an accurate wage statements on each pay day pursuant to NYLL 195(1), but the incorrect rates noted herein mean that to the extent one was provided to plaintiff, then it was incorrect and violative of the NYLL.

33. Plaintiff was not provided an accurate wage theft prevention act notification at the time of hiring, nor was he provided accurate wage statement on each payday while working for Defendant.

34. Plaintiff's employment with Defendant ended when Defendant terminated his employment in response to his wage-related complaint to Mr. Banks, and shortly after the prior complaints, described above, which amounts to unlawful retaliation according to NYLL § 215.

35. As a result of Defendant's unlawful actions described herein, Plaintiff is owed $4.87 per hour for all hours worked each week up to forty in a week. Furthermore, he is owed $7.31 for the hours he worked as overtime over forty hours in a week.

36. Due to Defendant's willful violations of the FLSA and the NYLL, he is also entitled to liquidated damages as prescribed by law.

37. Plaintiff is also entitled to the statutory penalties prescribed in the NYLL for the

Defendant's failure to provide Plaintiff accurate wage notice or wage statements for the entirety of his employment.

38. Moreover, Defendant owed Plaintiff the $2,500 signing bonus it advertised for plaintiff's position and promised to him upon his hire.

39. Plaintiff is owed such other relief as deems just and proper by this Court, including attorney's fees and costs.

## AS AND FOR THE FIRST CAUSE OF ACTION
*Breach of Contract*

40. Plaintiff repeats and re-alleges each and every allegation contained herein with the same force and effect as though more fully set forth herein again at length.

41. Plaintiff and Defendant entered into a valid contract and agreement regarding Plaintiff's regular and overtime hourly rates of pay.

42. In accordance with this agreement, Plaintiff tendered his performance of, *inter alia*, providing security services for Defendant.

43. Plaintiff fully performed all of his duties and obligations to be performed pursuant to his job responsibilities.

44. Defendant materially breached the parties' agreement regarding pay by failing to, *inter alia*, pay Plaintiff the promised rate of pay for regular and overtime hours.

45. Equity dictates that Defendant must be estopped from denying the existence of this agreement regarding Plaintiff's pay as Plaintiff has sustained an unconscionable injury.

46. In addition to the express terms of the parties' agreement, the agreement was subject to an implied covenant of good faith and fair dealing.

47. The parties' agreement also contained an implicit undertaking that each party would not intentionally do anything to prevent the other party from performing its obligations.

48. The parties' agreement contained an implicit undertaking that neither party would do anything that would have the effect of destroying the right of the other party to receive the fruits of that agreement.

49. Defendant was obligated to allow Plaintiff to enjoy the expected benefits of the promised performance under the Agreement.

50. Defendant callously and in bad faith ignored its obligations to Plaintiff under their agreement by failing to pay him the rates due and owing under that agreement, and by repeatedly ignoring his good faith complaints made to recoup his rightful wages.

51. By reason of the foregoing, Plaintiff is therefore entitled to a money judgment against Defendant in an amount to be determined at trial, with prejudgment interest thereon.

## AS AND FOR THE SECOND CAUSE OF ACTION
*Unpaid overtime wages owed pursuant to the FLSA*

52. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

53. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e).

54. At all relevant times, Defendant was an "employer" and employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

55. At all relevant times, Defendant has been engaged in interstate commerce by providing its services to multiple states and this subjects Defendant to the requirements of the FLSA.

56. At all relevant times, Defendant has earned a revenue that subjects it to the requirements of the FLSA.

57. At all relevant times, Defendant was subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*.

58. Pursuant to FLSA, 29 U.S.C. § 201 *et seq.*, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

59. Plaintiff was entitled to be paid one and one-half Plaintiff's regular hourly rate for any hours worked in excess of forty (40) hours in any workweek.

60. Defendant required Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout their employment.

61. At no time during their employment has Plaintiff been paid by Defendant at a rate of one and one-half times the promised regular rate for all of the hours Plaintiff worked in excess of forty (40) hours per week.

62. Defendant willfully, knowingly, and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times Plaintiff's hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours per week.

63. As a result of Defendant's violations of the law and failures to pay Plaintiff required regular and overtime wages, Plaintiff has been damaged and are entitled to recover from Defendant all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

64. As Defendant did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE THIRD CAUSE OF ACTION
*Unpaid overtime wages owed pursuant to the NYLL*

65. Plaintiff hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

66. At all relevant times, Plaintiff was an "employee" of the Defendant within the meaning of the NYLL.

67. At all relevant times, Defendant was an "employer" and employed Plaintiff within the meaning of the NYLL.

68. At all relevant times, Defendant was subject to the overtime wage requirements set forth in Article 19 of the NYLL.

69. Pursuant to NYLL § 650 *et seq*. and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

70. Plaintiff was entitled to be paid one and one-half times his regular rate for any hours worked in excess of forty (40) in any workweek.

71. Defendant required Plaintiff to work more than forty (40) hours a week, and Plaintiff worked more than forty (40) hours a week throughout his employment.

72. Defendant regularly failed to pay Plaintiff at a rate of one and one-half times his promised regular hourly rate of pay for all of the hours worked in excess of forty (40) hours per week.

73. Defendant willfully, knowingly, and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times his promised hourly rate of pay for all of the hours he worked in excess of forty (40) hours per week.

74. As a result of Defendant's violations of the law and failures to pay Plaintiff required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendant all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR § 142-2.2.

75. As Defendant did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

**AS AND FOR THE FOURTH CAUSE OF ACTION**
*Wage Statements Violation under NYLL § 195(3)*

76. Plaintiff hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

77. At all relevant times, Plaintiff was an "employee" of the Defendant within the meaning of the NYLL.

78. At all relevant times, Defendant was an "employer" and employed Plaintiff within the meaning of the NYLL.

79. Pursuant to NYLL § 195(3), employers are required to furnish accurate wage statements to their employees with every payment of wages.

80. Defendant failed to furnish accurate wage statements to Plaintiff in violation of NYLL § 195(3) by, *inter alia*, failing to provide Plaintiff with accurate statements of his full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by NYLL § 195(3).

81. The foregoing conduct of Defendant constitutes willful violations of the NYLL and/or its regulations.

82. As Defendant failed to provide proper wage payment statements under NYLL 195(3), Plaintiff is entitled to liquidated damages of $250.00 for each day that such violations occurred, up to a total of $5,000, together with attorneys' fees, costs, and interest.

### AS AND FOR THE FIFTH CAUSE OF ACTION
*Wage Theft Prevention Act Notification Violation under NYLL § 195(1)*

83. Plaintiff hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

84. At all relevant times, Plaintiff was an "employee" of the Defendant within the meaning of the NYLL.

85. At all relevant times, Defendant was an "employer" and employed Plaintiff within the meaning of the NYLL.

86. NYLL § 195(1) requires employers to furnish employees at the time of hiring, a notice of the rate or rates of pay and basis thereof, the name of the employer, any doing business as names and the main office or principal place of business.

87. Defendant failed to furnish such a statement to Plaintiff in violation of NYLL § 195(1) by, *inter alia*, failing to provide Plaintiff at the time of hiring with an accurate statement of Plaintiff's regular rate of pay, the basis thereof, and other information required by NYLL § 195(1).

88. The foregoing conduct of Defendant constitutes willful violations of the NYLL and/or its regulations.

89. As Defendant failed to provide Plaintiff with a proper notice under NYLL 195(1), Plaintiff is entitled to liquidated damages of $50.00 for each day that such violations continued, up to a total of $5,000.00, together with all reasonable attorneys' fees, costs, and interest.

## AS AND FOR THE SIXTH CAUSE OF ACTION
*Unlawful deductions pursuant to the NYLL*

90. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

91. Pursuant to Article 6 of the NYLL, workers such as Plaintiff are protected from wage underpayments and improper employment practices.

92. Pursuant to NYLL §§ 191, 191-b and 191-c, employees are owed payment of all earned payments in accordance with any employer-employee agreement.

93. Pursuant to NYLL § 193, "1. No employer shall make any deduction from the wages of an employee, except deductions which: a. are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency including regulations promulgated under paragraph c and paragraph d of this subdivision; or b. are expressly authorized in writing by the employee and are for the benefit of the employee, provided that such authorization is voluntary and only given following receipt by the employee of written notice of all terms and conditions of the payment and/or its benefits and the details of the manner in which deductions will be made."

94. Defendant is an "employer" as that term is defined in the NYLL and cases interpreting the same.

95. Plaintiff and Defendants agreed upon a compensation that falls within the meaning of NYLL §§ 190 and 191.

96. Pursuant to the parties' agreement, Plaintiff was owed a $2,500 signing bonus in exchange for starting his job with Defendant.

97. Plaintiff did not voluntarily resign, nor did Defendants have good cause to terminate his employment. Thus, he is eligible for this bonus.

98. Pursuant to NYLL § 191 and the cases interpreting same, Plaintiff is entitled to be paid the full bonus amount.

99. Defendants failed to pay all this bonus to Plaintiff.

100. In failing to pay Plaintiff this bonus, Defendants violated NYLL § 191.

101. By withholding these wages from - Plaintiff, pursuant to NYLL § 193 and the cases interpreting same, Defendant made unlawful deductions.

102. By the foregoing reasons, Defendant has violated the NYLL and is liable to Plaintiff in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs and any other available remedy at law or in equity.

## AS AND FOR THE SEVENTH CAUSE OF ACTION
*Unlawful deductions pursuant to the NYLL*

103. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

104. NYLL § 215 states that "No employer . . . shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter."

105. Plaintiff was an "employee" and Defendant was an "employer" pursuant to the NYLL.

106. Plaintiff was "employed" by Defendant pursuant to the NYLL.

107. Plaintiff made several complaints to his employer, Defendant, engaged in conduct that Plaintiff reasonably and in good faith believed was unlawful pursuant to the NYLL.

108. Defendant terminated Plaintiff's employment in response to his legally protected complaints.

109. Defendant's termination of Plaintiff's employment amounts to unlawful retaliation

pursuant to NYLL § 215.

110. As a result, Plaintiff is entitled to all appropriate remedies under the NYLL.

**WHEREFORE**, Plaintiff seeks the following relief:

A. All wages due, according to the difference between the regular and overtime rates paid by Defendant to Plaintiff and the rates it originally promised to Plaintiff, plus an additional award of one hundred percent of all wages;

B. A judgment that compensates Plaintiff for the bonus that was unlawfully deducted from his pay;

C. All permissible penalties prescribed by the NYLL for Defendant's failure to provide Plaintiff with accurate wage notice or wage statements;

D. All reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum; and

E. Such other and further relief as is just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: Syosset, New York
February 8, 2023

Respectfully submitted,

BELL LAW GROUP, PLLC

By: */s/ Frank J. Tantone*
Frank J. Tantone, Esq. (FT 3474)
*Attorneys for Plaintiff*
116 Jackson Avenue
Syosset, New York 11791
(516) 280-3008
ft@Belllg.com